**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

CASE NO:

ANDY RAMIREZ,

    Plaintiff,

v.

CONVERGENCE EMPLOYEE
LEASING II, INC., a Florida
profit corporation, LJ GENERAL
SERVICES, LLC, a Florida limited
Liability company, ROOF PAINTING BY
HARTZELL, INC., a Florida profit corporation,
HARTZELL CONSTRUCTION, INC., a Florida
profit corporation,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ANDY RAMIREZ ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, CONVERGENCE EMPLOYEE LEASING II, INC., (hereinafter "CONVERGENCE"), LJ GENERAL SERVICES, LLC, (hereinafter "LJ"), ROOF PAINTING BY HARTZELL, INC. ("HARTZELL PAINTING"), and HARTZELL CONSTRUCTION, INC. (hereinafter "HARTZELL CONSTRUCTION") (collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime wages during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during the course of his employment period.

1

## PARTIES

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, was over the age of 18 years, and was otherwise *sui juris.*

3. During all times material hereto, Defendant, CONVERGENCE, was a Florida profit corporation transacting business within the jurisdiction of this Honorable Court. CONVERGENCE is headquartered and operates its principal location at 9393 Mill Springs Drive, Jacksonville, Florida 32257.

4. Defendant, CONVERGENCE, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent hereto.

5. During all times material hereto, Defendant, LJ, was a Florida limited liability company located and transacting business within Boca Raton, Florida, within the jurisdiction of this Honorable Court. LJ is headquartered and operates its principal address at 10734 Shady Pond Lane, Boca Raton, Florida 33248.

6. During all times material hereto, Defendant, LJ was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

7. During all times material hereto, Defendant, HARTZELL PAINTING, was a Florida profit corporation located and transacting business within Pompano Beach, Florida, within the jurisdiction of this Honorable Court. HARTZELL is headquartered and operates its principal address at 2301 NW 33 Court, Suite 112, Pompano Beach, Florida 33069.

8. During all times material hereto, Defendant, HARTZELL PAINTING was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

9. During all times material hereto, Defendant, HARTZELL CONSTRUCTION, was a Florida profit corporation located and transacting business within Pompano Beach, Florida,

within the jurisdiction of this Honorable Court. HARTZELL CONSTRUCTION is headquartered and operates its principal address at 2301 NW 33 Court, Suite 113, Pompano Beach, Florida 33069.

10. During all times material hereto, Defendant, HARTZELL CONSTRUCTION was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

11. Defendants, CONVERGENCE, LJ, HARTZELL PAINTING and HARTZELL CONSTRUCTION were Plaintiff's joint employer, as that term is defined by the FLSA and pertinent regulations.

## JURISDICTION AND VENUE

12. The majority of the acts and/or omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

13. Defendants, CONVERGENCE, LJ, HARTZELL PAINTING and HATRZELL CONSTRUCTION regularly transact business in Palm Beach County, Florida. Therefore, jurisdiction is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

14. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

15. Defendant, CONVERGENCE, provides employers with assistance in payroll, workers' compensation coverage, human resources, and benefits administration needs. *See https://convergenceemployeeleasing.com/about-us/* (last visited September 27, 2021).

16. Defendant, LJ, is a maintenance and handyman service company which has operated in Florida since at least 2015.

3

17. Defendant, HARTZELL PAINTING, is a roof cleaning, painting and waterproofing contractor company that has operated in South Florida since 1948. *See* http://hartzellpainting.com/ (last visited September 27, 2021); *see also* http://myhartzell.com/ (last visited September 27, 2021).

18. Defendant, HARTZELL CONSTRUCTION, is construction company that provides residential design and building, home and commercial remodeling in Florida since 1948. *See* http://hartzellconstruction.com (last visited August 12, 2021).

19. Defendants, HARTZELL PAINTING and HARTZELL CONSTRUCTION advertise each other's services on their respective websites. *See* http://hartzellpainting.com/; http://hartzellconstruction.com.

20. Defendants, CONVERGENCE and LR paid Plaintiff during his employment period and controlled the terms and conditions of Plaintiff's employment period.

21. Defendants, HARTZELL PAINTING and HARTZELL CONSTRUCTION, assigned Plaintiff's duties, oversaw Plaintiff's worked, provided Plaintiff with his work uniform, and also governed the terms and conditions of Plaintiff's employment during his employment period.

## FLSA COVERAGE

22. Defendant, CONVERGENCE, is covered under the FLSA through enterprise coverage, as CONVERGENCE was engaged in interstate commerce during Plaintiff's employment period. More specifically, CONVERGENCE's business and Plaintiff's work for CONVERGENCE affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through

interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant, CONVERGENCE, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

23. During his employment with Defendant, CONVERGENCE, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, paint brushes, paint, ladders, pressure washers, drop cloths, scaffolding, lifts, caulk and compound, sandpaper and various scrapers, residential and industrial primers, rollers, paint sprayers, extension poles for paint rollers, paint trays, pencils, pens, paper, tape, etc.

24. Defendant, CONVERGENCE, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, CONVERGENCE an enterprise covered by the FLSA.

25. Defendant, CONVERGENCE, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

26. Defendant, LJ, is covered under the FLSA through enterprise coverage, as LJ was engaged in interstate commerce during Plaintiff's employment period.  More specifically, LJ's business and Plaintiff's work for LJ affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant, LJ, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

27. During his employment with Defendant, LJ, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, paint brushes, paint, ladders, pressure washers, drop cloths, scaffolding, lifts, caulk and compound, sandpaper and various scrapers, residential

and industrial primers, rollers, paint sprayers, extension poles for paint rollers, paint trays, pencils, pens, paper, tape, etc.

28. Defendant, LJ, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, LJ an enterprise covered by the FLSA.

29. Defendant, LJ, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

30. Defendant, HARTZELL PAINTING, is covered under the FLSA through enterprise coverage, as HARTZELL PAINTING was engaged in interstate commerce during Plaintiff's employment period. More specifically, HARTZELL PAINTING's business and Plaintiff's work for HARTZELL PAINTING affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, HARTZELL PAINTING, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

31. During his employment with Defendant, HARTZELL PAINTING, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, hand tools, extension cords, clothing, paint brushes, paint, ladders, pressure washers, drop cloths, scaffolding, lifts, caulk and compound, sandpaper and various scrapers, residential and industrial primers, rollers, paint sprayers, extension poles for paint rollers, paint trays, pencils, pens, paper, tape, etc.

32. Defendant, HARTZELL PAINTING, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or

materials as Plaintiff, thus making Defendant, HARTZELL PAINTING an enterprise covered by the FLSA.

33. Defendant, HARTZELL PAINTING, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

34. Defendant, HARTZELL CONSTRUCTION, is covered under the FLSA through enterprise coverage, as HARTZELL CONSTRUCTION was engaged in interstate commerce during Plaintiff's employment period. More specifically, HARTZELL CONSTRUCTION'S business and Plaintiff's work for HARTZELL CONSTRUCTION affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, HARTZELL CONSTRUCTION, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

35. During his employment with Defendant, HARTZELL CONSTRUCTION, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, hand tools, extension cords, clothing, paint brushes, paint, ladders, pressure washers, drop cloths, scaffolding, lifts, caulk and compound, sandpaper and various scrapers, residential and industrial primers, rollers, paint sprayers, extension poles for paint rollers, paint trays, pencils, pens, paper, tape, etc.

36. Defendant, HARTZELL CONSTRUCTION, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, HARTZELL CONSTRUCTION an enterprise covered by the FLSA.

37. Defendant, HARTZELL CONSTRUCTION, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

38. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, CONVERGENCE, LJ, HARTZELL PAINTING and HARTZELL CONSTRUCTION, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE

39. During all times material hereto, Defendants LJ, HARTZELL PAINTING and HARTZELL CONSTRUCTION performed substantially related activities, as these corporate entities focused their operations on providing painting and construction services to their customers.

40. During all times material hereto, Defendant, CONVERGENCE used central management and/or common control to effectuate the business needs of Defendant, LJ.

41. During all times material hereto, Defendant, HARTZELL PAINTING used central management and/or common control to effectuate the business needs of Defendant, HARTZELL CONSTRUCTION, and vice versa.

42. Moreover, during all times material hereto, Defendants, LJ, HARTZELL PAINTING and HARTZELL CONSTRUCTION, were engaged in offering substantially the same or similar services to their customers and employees.

43. Defendants, LJ, HARTZELL PAINTING and HARTZELL CONSTRUCTION also shared a common business purpose during all times material hereto.

44. During all times material hereto, Defendant, LJ, HARTZELL PAINTING and HARTZELL CONSTRUCTION used CONVERGENCE's assistance in their operations, including CONVERGENCE's payroll and timekeeping services.

45. During times material hereto, supervisors for LJ managed and supervised HARTZELL PAINTING and HARTZELL CONSTRUCTION employees, including Plaintiff, and vice-versa.

46. The gross revenue of Defendants, LJ, CONVERGENCE, HARTZELL PAINTING and HARTZELL CONSTRUCTION, was collectively in excess of $500,000.00 in 2018, 2019, 2020 and are expected to collectively gross in excess of $500,000.00 in 2021.

47. Defendants, HARTZELL PAINTINTING and HARTZELL CONSTRUCTION intermingle resources, finances, employees and supplies to provide services and resources to their clients, customers and employees.

48. Defendants, CONVERGENE, LJ, HARTZELL PAINTINTING and HARTZELL CONSTRUCTION intermingle resources, employees and supplies to provide services and resources to their clients, customers and employees.

49. During all time periods hereto, Defendants, HARTZELL PAINTING and HARTZELL CONSTRUCTION, maintained control over the day-to-day operations of LJ and CONVERGENCE, including the control over Plaintiff's duties.

50. Defendants are a Joint Enterprise, as that term is defined by the FLSA.

**PLAINTIFF'S WORK FOR DEFENDANTS**

51. Plaintiff worked for Defendants, CONVERGENCE, LJ, HARTZELL PAINTING and HARTZELL CONSTRUCTION, as a laborer and painter from on or around November 9, 2020 until on or around August 27, 2021.

52. At all material times hereto, Defendants employed Plaintiff as a non-exempt, hourly employee, and paid Plaintiff $8.65 per hour.

53. Plaintiff worked in excess of forty (40) hours per week in one or more weeks while he was employed by Defendants.

54. Although Plaintiff typically worked an average of sixty (60) to seventy (70) hours per week, his pay stubs show that he was only paid for his first forty (40) hours per week.

55. Defendants' payroll records during the relevant time period do not accurately reflect the hours worked by Plaintiff.

56. Moreover, Defendants did not maintain accurate time records during Plaintiff's employment period.

57. Defendant failed to pay Plaintiff time-and-one-half his regular hourly rate when Plaintiff worked in excess of forty (40) hours in a workweek.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against All Defendants)**

58. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 57 as though set forth fully herein.

59. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

60. Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half his regular hourly rate for some hours worked in excess of forty (40) in one (1) or more workweeks during Plaintiff's employment period.

61. Defendants willfully and intentionally refused to pay Plaintiff overtime wages.

62. Defendants knew (or should have known) of the FLSA's overtime requirements, but failed to comply with the FLSA.

63. Defendants recklessly failed to investigate whether Defendants' payroll practices complied with the FLSA during the relevant time period.

64. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

65. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANDY RAMIREZ, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, CONVERGENCE EMPLOYEE LEASING, INC., LJ GENERAL SERVICES, LLC, ROOF PAINTING BY HARTZELL, INC. and HARTZELL CONSTRUCTION, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendants, jointly and severally; (b) liquidated damages to be paid by the Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANDY RAMIREZ, requests and demands a trial by jury on all appropriate claims.

**Dated this 4th day of October 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 4, 2021.

By: */s/ Jake Blumstein*
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746

## SERVICE LIST: